<div style="margin-left:auto">ZUNTS<br>v.<br>COURCELLE.</div>

silence been instrumental in deceiving him as to the non existence of any title in them. An answer to this is that minors cannot be so estopped.

It is, therefore, ordered and decreed, that the judgment of the District Court, as regards Mrs. Coolidge and Mrs. Courcelle, be affirmed with costs.

It is further decreed, that the said judgment be reversed as regards the heirs and children of Gustave Moussier and Marie P. Sidonia Moussier, who are hereby recognized to be the owners of the property in question, in the following proportions, to wit: one third of one forty-eighth part thereof, being the share of Mrs. Achille Sigur,—and also one forty-eighth portion, being the share of Mrs. Edward Sigur.

And it is further decreed, that this case be remanded for a partition, the plaintiff and appellee paying the costs of appeal.

LAND, J. absent.

---

### JAMES M. WATSON v. ROBERT R. JONES.

Upon a motion to dismiss an appeal from a judgment rendered after answer filed, upon the ground of imperfection in the attestation of the record by the Clerk—Held: That in this form of appeal, the Clerk should certify unqualifiedly that the transcript contains all the testimony adduced. If the Clerk cannot so certify, and there has been no statement of facts prepared, no bill of exceptions or special verdict taken, and no assignment of errors filed, the appeal must be dismissed.

APPEAL from the District Court of the Parish of Carroll, Farrar, J.

C. A. DeFrance, for plaintiff.    R. G. Harper, for defendant and appellant.

MERRICK, C. J.    There is a motion to dismiss the appeal in this case on two grounds.

It will be sufficient to notice only one of the grounds. The Clerk, in his attestation of the record, certifies, " that the foregoing pages contain a full transcript of all the evidence adduced on the trial of said cause, as appears to me (him) of record."

The answer contained a general denial, and the judgment purports to have been rendered upon proof; yet the transcript does not contain any evidence.

The case cannot be distinguished in principle from the case of Baham v. Livingston, 11 An. 604, where it was held in substance, in this form of appeal, that the Clerk should certify unqualifiedly, in conformity to Art. 896 C. P., that the transcript contains all the testimony adduced. If the Clerk cannot so certify, and there has been no statement of facts prepared, no bill of exception or special verdict taken, and no assignment of errors filed, the appeal must be dismissed. See also cases of Pargoud v. Pace, 11 An. 644, and Carpenter v. Reynolds, 3 An. 592.

It is, therefore, ordered, adjudged and decreed by the Court, that the appeal in this case be dismissed, at the costs of the appellant.